# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| KELLIE SANCHEZ, KRISTIAN GRAVES, and KEVIN HAZURE, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER UNIVERSITY OF LOUISIANA,<br><br>Defendant. | CIVIL ACTION NO.:<br>2:23-cv-01269-DJP-DPC<br><br>JUDGE DARREL JAMES PAPILLION<br><br>MAGISTRATE DONNA PHILLIPS CURRAULT |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. ("Plaintiffs" or "Class Representatives") and Defendant Xavier University of Louisiana ("Defendant," "Xavier," or collectively with Plaintiffs, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Agreement"), subject to Court approval. As detailed below, this Settlement Agreement releases and forever discharges and bars all claims asserted (or claims that could have been asserted) in the class action lawsuit captioned, *Sanchez et al. v. Xavier University of Louisiana*, Case No. 2:23-cv-01269-DJP-DPC, currently pending in the United States District Court for the Eastern District of Louisiana, and any related actions.

### I.    RECITALS

**WHEREAS**, on October 19, 2023, Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. filed their amended class action complaint (the "Operative Complaint") against Xavier, asserting claims for negligence, invasion of privacy, breach of implied contract, and violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. §§ 51:1401, *et seq.* ("LUTPA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et*

*seq.* ("UCL"). Xavier filed a motion to dismiss, which the parties completed briefing on February 5, 2024.

**WHEREAS**, on July 18, 2024, Magistrate Judge Eva J. Dossier issued a report and recommendation ("R&R"), recommending that the Court grant the motion to dismiss as to Plaintiffs' claims for invasion of privacy and breach of implied contract with prejudice but deny the motion to dismiss as to Plaintiffs' claims for negligence, LUTPA, and UCL. Magistrate Judge Dossier recommended further that the Court's denial of the motion to dismiss the LUTPA claim be without prejudice to Xavier's right to file a separate motion relative to the argument that the LUTPA does not permit putative class actions, regardless of the relief sought.

**WHEREAS**, on August 1, 2024, Xavier filed partial objections to the R&R. On August 15, 2024, Plaintiffs responded, requesting that the Court accept the R&R and overrule Xavier's objections;

**WHEREAS**, the Parties engaged in adversarial, arm's length negotiations between competent counsel for all Parties;

**WHEREAS**, on January 16, 2025, the Parties engaged in a mediation session with Mr. Bennett G. Picker, Esq. Mr. Picker is a well-regarded mediator with substantial experience handling data breach class action mediations. Although a resolution was not reached at the mediation, the Parties subsequently accepted a mediator's proposal for settlement. The agreed resolution or settlement is memorialized in this Settlement Agreement;

**WHEREAS**, Defendant denies each and all of the claims and contentions alleged against it in the Operative Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Despite this, Defendant has concluded that further litigation would be protracted and expensive, and that it is desirable that this matter be fully and finally settled in the

manner and upon the terms and conditions set forth in this Settlement Agreement. The Parties recognized that the outcome of litigation is uncertain, and the Parties agree that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement;

**WHEREAS**, the Parties have explored and discussed at length the factual and legal issues in the Action and engaged in good faith, arm's length negotiations concerning the issues raised by Plaintiffs in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS**, the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representatives and the Settlement Class;

**WHEREAS**, Class Representatives, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, including informal discovery obtained by Class Representatives in connection with the Action and prior to execution of this Agreement, (c) engaged in a mediation session under the auspices of Bennett G. Picker, Esq., a highly respected mediator, and (d) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Xavier likely would assert;

**WHEREAS**, Plaintiffs' counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representatives' interest, and the interest of all Settlement Class Members, to resolve this Action, and any and all claims against Xavier arising from the conduct alleged in the Action, and in this Settlement Agreement;

**WHEREAS**, the Parties have engaged in significant arm's-length settlement negotiations and an extended mediation session resulting in a mediator's proposal for settlement and, as a result, this Settlement Agreement has been reached without collusion, subject to the Court-approval process set forth herein;

**WHEREAS**, the Parties believe this Settlement Agreement offers significant benefits to Settlement Class Members and is fair, reasonable, adequate and in the best interest of Settlement Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representatives, individually and on behalf of the Settlement Class, and Xavier.

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

## II.    <u>DEFINITIONS</u>

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.      **"Action"** means the case captioned *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC, currently pending in the United States District Court for the Eastern District of Louisiana.

2.      **"CAFA Notice"** means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State where Class Member resides and the appropriate federal official within ten (10) days of filing this Agreement with the Court. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

3.      "**Claims Deadline**" means the postmark and/or online submission deadline for Settlement Class Members to submit a claim under this Agreement, which shall be ninety (90) days after the Class Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, Notice, and the Claim Form.

4.       "**Claim Form**" means the form that will be used by Settlement Class Members to submit a claim under this Agreement, substantially in the form as shown in **Exhibit A** to this Settlement.

5.      "**Class Counsel**" means Terence R. Coates of Markovits. Stock & DeMarco, LLC, Mason A. Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC.

6.      "**Class Notice Date**" means the date by which the Settlement Administrator must issue Notice to the Settlement Class Members, which shall be thirty (30) days after the Court's entry of the Preliminary Approval Order.

7.      "**Class Representatives**" or "**Plaintiffs**" means Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr.

8.      "**Court**" means the United States District Court for the Eastern District of Louisiana, Judge Darrel James Papillion, Magistrate Judge Donna Phillips Currault, Magistrate Judge Eva J. Dossier, or such other judge to whom the Action may hereafter be assigned.

9.      "**Defendant**" means Xavier University of Louisiana.

10.     "**Defendant's Counsel**" or "**Xavier's Counsel**" means Christopher A. Wiech and Chelsea Lamb of Baker & Hostetler LLP.

11. "**Documented Out-of-Pocket Losses**" means the unreimbursed costs or expenditures incurred by a Settlement Class Member between November 22, 2022 and the Claims Deadline, as result of the Security Incident, as set forth in Paragraphs 53, 54, and 55.

12. "**Effective Date**" means the date upon which the Settlement in the Action shall become effective and final, and occurs when the Final Approval Order, as defined in Paragraph 13 below, has been entered and (1) no appeal or other review proceeding has been commenced and all times to appeal therefrom have expired; or (2) an appeal or other review proceeding, having been commenced, has been concluded such that it is no longer subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been resolved in a manner that affirms the Final Judgment in all material respects. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, Plaintiffs' Counsel's request for Fees and Expenses or the Service Awards. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being Plaintiffs' Counsel's Fees and Expenses and/or the Service Awards.

13. "**Final Approval Hearing**" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and at which the Court will consider Class Counsel's request for payment of any Service Awards and Plaintiffs' Counsel's Fees and Expenses.

14. "**Final Approval Order**" means the Final Approval Order and separate Judgment of the Court approving this Settlement Agreement and making such other final rulings as are contemplated by this Settlement Agreement.

15.    "**Long Form Notice**" means the Court-approved long-form notice of settlement to be posted on the Settlement Website, substantially in the form as shown in **Exhibit B** to this Settlement, informing the Settlement Class of, among other things (i) the preliminary approval of the Settlement, (ii) the date of the Final Approval Hearing, (iii) the Settlement benefits available to Settlement Class Members, and (iv) their opportunity to participate in, object to, or exclude themselves from the Settlement.

16.    "**Notice**" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form attached hereto as Exhibit B ("Long Form Notice") and Exhibit C ("Postcard Notice).

17.    "**Objection Date**" means the date by which members of the Settlement Class may file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and Defendant's Counsel their objection to the settlement. The postmark date shall constitute evidence of the date of mailing for these purposes. The Objection Date shall be sixty (60) days from the Class Notice Date.

18.    "**Parties**" means Plaintiffs and Defendant.

19.    "**Personal Information**" means individuals' full names and Social Security numbers.

20.    "**Plaintiffs' Counsel's Fees and Expenses**" means an amount not to exceed one third of the Settlement Fund, or two-hundred fifty thousand dollars ($250,000.00), for attorneys' fees, plus Plaintiffs' Counsel's reasonable out-of-pocket costs related to this litigation, to be paid from the Settlement Fund, subject to approval of the Court.

21.    "**Postcard Notice**" means the notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the notice plan set forth in Paragraph 64 and

approved by the Court in connection with preliminary approval of this Settlement, substantially in the form as shown in **Exhibit C** to this Settlement. The Postcard Notice will direct recipients to the Settlement Website where individuals may obtain additional details of the proposed Settlement and the Claim Form where Settlement Class Members may make a claim for monetary benefits.

22.    "**Preliminary Approval Order**" means the order of the Court preliminarily approving this Settlement Agreement, substantially in the form as shown in **Exhibit D** to this Settlement.

23.    "**Pro Rata Cash Payment**" or "**Cash Payment**" means a cash payment which a Settlement Class Member may claim under this Settlement Agreement, as calculated in Paragraph 57.

24.    "**Released Claims**" means the claims released by this Settlement Agreement, as set forth in Section IX.

25.    "**Released Parties**" means Defendant and Defendant's past, present, and future parents, subsidiaries, divisions, customers, partnerships, joint ventures, affiliates, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, assigns, employees, servants, members, providers, partners, principals, officers, directors, shareholders, owners, heirs, executors, administrators, personal representatives, insurers, and reinsurers, and trustees of such entities, and includes, without limitation, any individual or entity  related to any such entity who is, was or could have been named as a defendant in the Action and any related action, other than any individual or entity who is found by a court of competent jurisdiction to be guilty under criminal law or initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

26.    "**Request for Exclusion**" means a timely and valid request by any Settlement Class Member for exclusion from the Settlement, submitted in accordance with Section VII.

27.    "**Request for Exclusion Deadline**" or "**Opt-Out Deadline**" means the date by which members of the Settlement Class must mail to the Settlement Administrator their request to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Request for Exclusion Deadline shall be sixty (60) days from the Class Notice Date.

28.    "**Security Incident**" means the November 2022 incident impacting Xavier in which an unauthorized third party may have accessed and acquired Plaintiffs' and Settlement Class Members' Personal Information.

29.    "**Service Awards**" means the amount to be paid to Class Representatives to compensate them for the time and effort spent pursuing the Action on behalf of the Settlement Class, subject to approval of the Court, and which shall not exceed an amount of three thousand five hundred dollars ($3,500) to each Class Representative. The Service Awards shall be paid from the Settlement Fund.

30.    "**Settlement,**" "**Settlement Agreement,**" and "**Agreement**" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

31.    "**Settlement Administration**" means providing Notice to the Settlement Class, the processing of claims and payments to Settlement Class Members, and other duties performed by the Settlement Administrator as defined further herein.

32.    "**Settlement Administration Costs**" means all actual costs associated with or arising from Settlement Administration, including, but not limited to, the costs of notice and

distributions to members of the Settlement Class, the costs of CAFA Notice, the costs of administrating the Settlement Fund, and reasonable fees of the Settlement Administrator.

33.    "**Settlement Administrator**" means, subject to Court approval, Angeion Group, LLC, a company experienced in administering class action claims generally and specifically those of the type provided for in this Action.

34.    "**Settlement Class**" means the approximately 44,312 individuals who received direct notification from Defendant that their Personal Information may have been accessed in the Security Incident. Excluded from the Settlement Class are the following individuals and/or entities: (1) Xavier and its officers and directors; (2) all individuals who submit a timely and valid Request for Exclusion from the Settlement Class; (3) the Court; and (4) any individual or entity found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

35.    "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

36.    "**Settlement Fund**" means a non-reversionary common fund to be funded or caused to be funded by Defendant in the amount of seven hundred fifty thousand dollars ($750,000), which shall be deposited into an Escrow Account to be set up by the Settlement Administrator.

37.    "**Settlement Website**" means the website to be established by the Settlement Administrator that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, and shall include in .pdf format and available for download the following: (1) the Long Form Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Operative Complaint,

and (6) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically. The Settlement Website shall be deactivated one-hundred eighty (180) days after the Effective Date.

38.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

39.     "**Unknown Claims**" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred to Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all

Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

40.     "**Valid Claims**" means claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing.

## III.     <u>REQUIRED EVENTS</u>

41.     Class Counsel and Defendant's Counsel shall take all reasonable and necessary steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval Order. Class Counsel shall prepare and file all documents in connection with the Motion for Preliminary Approval and the Motion for Final Approval.

42.     In the event that the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

43.     The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement as set forth in this Agreement is essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated here.

## IV.     <u>SETTLEMENT TERMS</u>

44.    <u>Settlement Fund:</u> Xavier shall make a non-reversionary payment of seven hundred fifty thousand dollars ($750,000), and deposit that payment into the Settlement Fund via an Escrow Account to be opened by the Settlement Administrator.

45.    Defendant shall deposit the payment of seven hundred fifty thousand dollars ($750,000) into the Settlement Fund as follows: (i) Defendant shall pay to the Settlement Administrator the cost of preparing and transmitting the Postcard Notice to Settlement Class Members within thirty-five (35) days after entry of the Preliminary Approval Order, and (ii) Defendant shall pay to the Settlement Administrator the remaining balance of the Settlement Fund within seven (7) days after the Effective Date. The timing set forth in this provision is contingent upon the receipt of a W-9, sufficient payment instructions, and an invoice from the Settlement Administrator for the Settlement Fund within 5 days of the Preliminary Approval Order. If Defendant does not receive this information within 5 days of the date of the Preliminary Approval Order, the payments specified by this paragraph shall be made within thirty (30) days after Defendant receives the information. The Settlement Administrator shall establish a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the payment of the balance of the Settlement Fund. Under no circumstances will Defendant have any further monetary payment obligation other than the payment of the Settlement Fund.

46.    <u>Payments from Settlement Fund:</u> The following payments and costs shall be paid by the Settlement Administrator exclusively from the Settlement Fund, in the following order: (i) Settlement Administration Costs, including any Taxes and Tax-Related Expenses; (ii) Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; (iii) Service Awards, as approved by the Court; and (iv) payment of all Valid Claims to Settlement Class Members. There will be no reversion of the Settlement Fund to Xavier, and Xavier shall not be required to pay any amount

above seven hundred fifty thousand dollars ($750,000) in connection with the Settlement Agreement.

47.     <u>Service Awards to the Class Representatives:</u> Class Counsel will move the Court for Service Award payments from the Settlement Fund for the Class Representatives in an amount not to exceed three thousand five hundred dollars ($3,500) for each Class Representative, in recognition of the risks taken by them as the Class Representatives in commencing the Action, both financial and otherwise. Defendant agrees not to oppose Class Counsel's request for Service Award payments from the Settlement Fund in these amounts. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund the Service Awards to the Class Representatives in the manner directed by Class Counsel within fourteen (14) days after the Effective Date.

48.     <u>Payment of Plaintiffs' Counsel's Fees and Expenses:</u> No later than fourteen (14) days prior to the Objection Date and Request for Exclusion Deadline, Class Counsel will move the Court for an award of Plaintiffs' Counsel's attorneys' fees to be paid from the Settlement Fund in an amount not to exceed one third of the total Settlement Fund, or two-hundred fifty thousand dollars ($250,000), plus reasonable litigation costs and expenses not to exceed twenty five thousand dollars ($25,000). Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs and expenses awarded by the Court among Plaintiffs' counsel. If awarded by the Court, the Settlement Administrator shall pay from the Settlement Fund any Plaintiffs' Counsel's Fees and Expenses in the amounts awarded by the Court within fourteen (14) days after the Effective Date. Within ten (10) days of the Effective Date, Class Counsel will provide the Settlement Administrator with payment instructions.

49. <u>Payment of Valid Claims to Settlement Class Members:</u> Each member of the Settlement Class who submits a timely and valid Claim Form shall be paid from the Settlement Fund in the manner outlined in the Settlement Administration section below in Section V. The Settlement Fund will be used to pay for Valid Claims to Settlement Class Members for Documented Out-of-Pocket Losses and Valid Claims for Pro Rata Cash Payments.

50. <u>CAFA Notice</u>: Within ten (10) days of the filing of the Motion for Preliminary Approval, Xavier shall direct the Settlement Administrator to provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

## V.     **SETTLEMENT BENEFITS AND THE CLAIMS PROCESS**

51. Members of the Settlement Class must submit a Claim Form to receive a distribution payment from the Settlement Fund. Each Settlement Class Member is limited to the submission of one Claim Form and in no event shall a Settlement Class Member receive more than one distribution of Settlement benefits. To be entitled to receive a distribution under this Agreement, Settlement Class Members must properly complete a Claim Form and timely deliver it to the Settlement Administrator by the Claims Deadline, which is ninety (90) days from the Class Notice Date. Any Class Member who fails to submit a valid and timely Claim Form will not receive any payment under this Agreement.

52. All Settlement Class Members may submit requests for Settlement benefits as set forth below.

### A.     **Reimbursement for Documented Out-of-Pocket Losses**

53. All Settlement Class Members may submit a claim for reimbursement of Documented Out-of-Pocket Losses up to five thousand dollars ($5,000) per individual.

54.    Documented Out-of-Pocket Losses may include, but are not limited to, unreimbursed costs, expenses, or charges incurred addressing or remedying identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Security Incident.

55.    Settlement Class Members who elect to submit a claim for reimbursement of Documented Out-of-Pocket Losses must submit a claim form and provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address, (2) a brief description of the claimed out-of-pocket losses, and (3) documentation supporting their claimed losses. Documentation supporting the claimed losses can include receipts or other documentation supporting the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

The claim form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Security Incident.

**B.    <u>Pro Rata Cash Payment</u>**

56.    All Settlement Class Members may also submit a claim for a Pro Rata Cash Payment.  The Pro Rata Cash Payment will be calculated in accordance with Paragraph 57 below based on the number of Valid Claims submitted for this settlement benefit.

57.    <u>Pro Rata Contingencies:</u>

          a)  The value of the Pro Rata Cash Payment shall be calculated based on the amount remaining in the Settlement Fund after the payment of Settlement Administration Costs, including any Taxes and Tax-Related Expenses; Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; Service

Awards, as approved by the Court; and payment of all Valid Claims for Documented Out-of-Pocket Losses. The aggregate of all payments for Valid Claims for Pro Rata Cash Payments shall not exceed the Settlement Fund.

b) In the event that the funds remaining in the Settlement Fund after the payment of Settlement Administration Costs, including any Taxes and Tax-Related Expenses; Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; and Service Awards, as approved by the Court, are not sufficient to make payment for those Valid Claims for Documented Out-of-Pocket Losses, then the value of the payments for Valid Claims for Documented Out-of-Pocket Losses shall be reduced on a pro rata basis, such that the aggregate of all payments for Valid Claims for Documented Out-of-Pocket Losses do not exceed the Settlement Fund.  In such an event, no Settlement Funds will be distributed for Valid Claims for Pro Rata Cash Payments.

c) All pro rata reductions shall be made by the Settlement Administrator.

58.     The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with weekly reports informing them of all Claim Forms received by the Settlement Administrator during each week following the Class Notice Date. No later than sixteen (16) days prior to the Final Approval Hearing, the Settlement Administrator must provide counsel with a Declaration reporting on the mailing of the Postcard Notice and identifying the number of Claim Forms, Requests for Exclusion and objections received, which shall be filed by Plaintiffs with their Motion for Final Approval.

59.     <u>Disbursement of Settlement Payments and Checks:</u> Within thirty (30) days after the Effective Date or after all deficient claims are resolved, the Settlement Administrator will disburse

payments for Valid Claims to each Settlement Class Member who submits a timely and valid Claim Form. Payments may be made by electronic payment or by paper check.

60.    <u>Failure to Cash Settlement Checks:</u> Any Settlement check not cashed within one-hundred-twenty (120) days of issuance (based on the date of the check) will be deemed expired. Any member of the Settlement Class who does not cash their Settlement check within the aforementioned time period may petition the Settlement Administrator within thirty (30) days of the expiration of their uncashed check to reissue their Settlement check, and, good cause providing, the Settlement Administrator will issue a new check. Members of the Settlement Class are entitled to only one petition on this basis, and any Settlement check reissued for such reasonable circumstances will expire within thirty (30) days of issuance (based on the date of the check). Settlement Class Members who do not timely cash their Settlement checks and who fail to petition for a reissuance of the uncashed Settlement check will be considered as having waived any right to a cash payment under the Settlement Agreement. In no event will a Settlement Class Member be permitted to cash a check once the value of uncashed checks has been paid to a *cy pres* organization, as agreed to by the Parties and approved by the Court.

61.    <u>Payment of Uncashed Checks to a *Cy Pres* Organization:</u> The total amount of uncashed Settlement checks will be paid to a charitable organization to be agreed upon by Defendant and Class Counsel and approved by the Court. The Parties agree that the *cy pres* distribution will not be awarded to any charitable organization to which Defendant has a significant personal or professional connection.

## VI.    <u>SETTLEMENT ADMINISTRATION</u>

62. <u>Engagement of Settlement Administrator:</u> Upon entry of the Preliminary Approval Order, the Parties shall engage Angeion Group, LLC as the Settlement Administrator. The Settlement Administration Costs shall be paid exclusively from the Settlement Fund.

63. <u>Settlement Class Member Information:</u> No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name and last known physical address of each Settlement Class Member that Defendant possesses (the "Settlement Class Member Information"). For any Settlement Class Member whose information does not include a valid address, the Settlement Administrator shall use the available information to conduct a reverse look-up search to obtain a physical address to mail the Postcard Notice. The Settlement Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Settlement Class Member Information.

64. <u>Duties of Settlement Administrator:</u> In addition to other duties as set forth in this Agreement, the Settlement Administrator shall be responsible for the following:

a)    Preparing, printing, and disseminating the Postcard Notice to Settlement Class Members;

b)    Within thirty (30) days after the entry of the Preliminary Approval Order (the Class Notice Date), sending by First Class Mail the Postcard Notice to all Settlement Class Members. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the

United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS. If a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Postcard Notice to the forwarding address within ten (10) days of receiving the returned Postcard Notice. In the event that subsequent to the first mailing of a Postcard Notice, and at least fourteen (14) days prior to the Objection Date and Request for Exclusion Deadline, a Postcard Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Postcard Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing;

c)      Maintaining the Settlement Website and toll-free number with recorded answers for one hundred and eighty (180) days following the Effective Date;

d)      Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

e)      Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

f)      Keeping track of objections to the Settlement, including maintaining the original mailing envelope in which each objection was mailed;

g) Keeping track of all other communications from Settlement Class Members, including maintaining the original mailing envelope in which any communication was mailed;

h) Maintaining adequate records of its activities, including the dates of each mailing of the Postcard Notices, returned mail and other communications, and attempted written or electronic communications with Settlement Class Members;

i) Promptly furnishing to counsel for the Parties (i) copies of any Requests for Exclusion, (ii) copies of any objections, and (iii) all other written or electronic communications received from Settlement Class Members;

j) Determining whether Requests for Exclusion comply with the terms of this Agreement and are timely and valid and effective to exclude the submitting Settlement Class Member from the Settlement Class;

k) Determining whether Claim Forms comply with the terms of this Agreement and are timely and valid;

l) Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Settlement Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Agreement;

m) Promptly preparing and distributing notices of deficiencies to the submitting Settlement Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Agreement;

n)    Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections (valid and invalid);

o)    Establishing a Qualified Settlement Fund (QSF), as defined by 26 C.F.R. 1.468B-1, for the deposit of the Settlement Fund payment, ensuring that all Taxes and Tax-Related Expenses associated with the administration of the Settlement Fund are timely paid to the appropriate tax authorities and all tax filings are timely filed, which Taxes and Tax-Related Expenses shall be paid from the Settlement Fund;

p)    Determining the payment to each member of the Settlement Class who submits a Valid Claim in accordance with this Agreement;

q)    No later than thirty (30) days after the Effective Date or after all deficient claims are resolved, distributing payments to each Settlement Class Member who submitted a Valid Claim sending an electronic payment or check by First Class Mail to each Settlement Class Member in the amount of his or her approved claim;

r)    No later than fourteen (14) days after the Effective Date, distributing any Service Awards approved by the Court in the amount of the award approved by the Court as set forth above;

s)    No later than fourteen (14) days after the Effective Date, preparing and distributing, in accordance with this Agreement and the Final Approval Order, Plaintiffs' Counsel's Fees and Expenses; and

t)    Confirming in writing its completion of the administration of the Settlement.

u)      Settlement Administration Costs: All Settlement Administration Costs, including, without limitation, the cost of the Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the Settlement benefits, and the Settlement Administrator's reasonable costs shall be paid to the Settlement Administrator from the Settlement Fund, subject to the approval of the Court.

## VII.    REQUESTS FOR EXCLUSION BY CLASS MEMBERS

65.    Any Settlement Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Postcard Notice. Any Request for Exclusion must be postmarked by the Request for Exclusion Deadline, which is no later than sixty (60) days after the Class Notice Date. The Request for Exclusion shall (i) state the Settlement Class Member's full name and current address and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Settlement Class Member being bound by the terms of the Settlement.

66.    Any Settlement Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

67.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel and Defendant's Counsel with a declaration identifying all Settlement Class Members who requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) days prior to the Final Approval Hearing.

Class Counsel will file with the Court and serve Defendant with the declaration along with their Motion for Final Approval.

68.     In the event that within fourteen (14) days after the Opt-Out Deadline, there have been more than 200 timely and valid Requests for Exclusions, Defendant shall have the right, by notifying Class Counsel and the Court in writing, to void this Settlement Agreement. If Defendant voids the Settlement Agreement pursuant to this paragraph, Defendant shall be obligated to pay all settlement expenses already incurred to date, excluding any attorneys' fees, costs, and expenses of Class Counsel, and/or Service Award.

69.     No party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiffs or Defendant will be deemed a breach of this Settlement Agreement.

### VIII.    OBJECTION TO SETTLEMENT BY CLASS MEMBERS

70.     Any Settlement Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Notice. Any objection to be considered valid must be mailed and postmarked no later than the Objection Date, i.e., sixty (60) days from the Class Notice Date. Any Settlement Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

71.     To state a valid objection to the Settlement, an objecting Settlement Class Member must mail a letter to the Settlement Administrator setting forth all of the following information in writing: (i) the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC, (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s),

(v) copies of any other documents that the objector wishes to submit in support of his/her position, (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and (vii) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

72.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting any and all other potential defenses and privileges to any such appearance.

73.     If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the notice of appearance filed with the Court must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include each such attorney's name, address, phone number, email address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements in the past three (3) years, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney.

74.     If the objecting Settlement Class Member intends to request permission from the Court to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony at least thirty (30) Days before the Final Approval Hearing.

75.     The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of

justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members. The Preliminary Approval Order and Notice will require all Settlement Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Notice, by no later than the Objection Date.

### IX. **RELEASE OF CLAIMS**

76.    Plaintiffs and Settlement Class Members who fail to timely make a valid Request for Exclusion from the Settlement fully and finally release Defendant and the other Released Parties from any and all past, present, and future claims and causes of action related to the Security Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of third-party beneficiary contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief

that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the alleged Security Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Action. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of any Settlement Class Member who has timely excluded themselves from the Settlement Class.

77.    Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submit a timely and valid Request for Exclusion from the Settlement.

78.    This Settlement Agreement does not affect the rights of Settlement Class Members who submit a timely and valid Request for Exclusion from the Settlement.

79.    Upon issuance of the Final Approval Order (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have opted out in accordance with the provisions hereof, (ii) Defendant and the other Released Parties shall not be subject to liability or expense of any kind to any Settlement Class Member(s) for reasons related to the Action or the Security Incident except as set forth herein, and (iii) Settlement Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and the other Released Parties.

## X.    REPRESENTATIONS, WARRANTIES, AND COVENANTS

80.    Class Counsel represents and warrants that they have the authority, on behalf of Plaintiffs, to execute, deliver and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiffs and constitutes their legal, valid and binding obligation.

81.    Xavier, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Xavier of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by Xavier. This Settlement Agreement has been duly and validly executed and delivered by Xavier and constitutes its legal, valid and binding obligation.

## XI.    MISCELLANEOUS PROVISIONS

82.    The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.

83.    This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Defendant with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Defendant specifically denies all of the allegations made in connection with the Action. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or any other proceeding, an admission by Defendant, or evidence or a finding of any kind, that any

requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement also is made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Defendant may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

84.    This Settlement Agreement is entered into only for purposes of settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

85.    The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

86.    This Settlement Agreement may not be modified or amended except in writing and signed by all of the Parties.

87.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

88.    Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

89.    The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

90.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

91.    The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this

Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

92.     This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

93.     The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

94.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

95.     Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

96.    All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:
Mason A. Barney
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com

For Xavier:
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

**[SIGNATURES ON FOLLOWING PAGES]**

IN WITNESS WHEREOF, Plaintiffs and Xavier, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Class Counsel

Counsel for Xavier
Duly Authorized Signatory

DATE: <u>April 8, 2025</u>

By: <u>*/s/ Terence R. Coates*</u>
Terence R. Coates (admitted *pro hac vice*)
**MARKOVITS, STOCK, & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
tcoates@msdlegal.com

By: <u>*/s/ Mason A. Barney*</u>
Mason A. Barney (admitted *pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (212) 532-1091
mbarney@sirillp.com

By: <u>*/s/ Gary M. Klinger (per email authority)*</u>
Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL 60606
Tel.:  (847) 208-4585
*gklinger@milberg.com*


By: _____
Kellie Sanchez
Plaintiff

By: _____
Kristian Graves
Plaintiff

By: _____
Kevin Hazure, Jr.
Plaintiff

DATE: <u>April 8, 2025</u>

By: <u>*/s/ Christopher A. Wiech (per email authority)*</u>
Christopher A. Wiech
Chelsea Lamb
BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
clamb@bakerlaw.com

## SETTLEMENT TIMELINE

| **From Filing of Preliminary Approval** | |
|---|---|
| Issuance of CAFA Notice | +10 days |
| | |
| **From Order Granting Preliminary Approval** | |
| Defendant to Pay Settlement Administrator the Costs of Preparing and Issuing Notice | On or before + 35 days |
| Class Notice Date | +30 days |
| | |
| **From Class Notice Date** | |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days |
| Objection Deadline | +60 days |
| Opt-Out Deadline | +60 days |
| Class Counsel to file copies of any objections | +74 days |
| Claims Deadline | +90 days |
| | |
| **Before Final Approval Hearing** | _____, 2025 |
| Motion for Final Approval | -14 days |
| Settlement Administrator to Provide Counsel with Declaration | -16 days |
| | |
| **From Effective Date** | |
| Defendant to fund the remainder of the Settlement Fund | +7 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +14 days |
| Payment of Valid Claims | +30 days or after all deficient claims are resolved |
| Settlement Website Deactivation | +180 days |

# EXHIBIT

# A

## CLAIM FORM FOR THE XAVIER UNIVERSITY OF LOUISIANA SECURITY INCIDENT BENEFITS

### USE THIS FORM TO MAKE A CLAIM FOR A DOCUMENTED OUT-OF-POCKET LOSS PAYMENT AND A PRO RATA CASH PAYMENT

For more information, call 1-**888-888-8888** or visit the website (***WEBSITE HERE***)

**The DEADLINE to submit this Claim Form online (or have it postmarked for mailing) is**

**[XXXX XX, 2025]**

## I.    GENERAL INSTRUCTIONS

The class action lawsuit concerns a November 2022 security incident impacting Xavier University of Louisiana in which an unauthorized third party may have accessed and acquired certain individuals' full names and Social Security Numbers (the "Security Incident"). If you were notified Xavier University of Louisiana ("Defendant") that your Personal Information may have been impacted in the Security Incident, you are a Settlement Class Member.

The Settlement establishes a $750,000.00 non-reversionary fund to compensate Settlement Class Members for their Documented Out-of-Pocket Losses and to provide them with a Pro Rata Cash Payment, as well as for payment of Settlement Administration Costs, including any Taxes and Tax-Related Expenses; Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; and Service Awards, as approved by the Court. As a Settlement Class Member, you are eligible for cash payments as reimbursement for your time and money spent in response to the Security Incident (such as money spent on credit monitoring) ("Pro Rata Cash Payment"), as well as reimbursement for unreimbursed costs or expenditures incurred as a result of the Security Incident ("Documented Out-of-Pocket Losses"). You must fill out this claim form to receive these benefits. **You may submit a claim for one or both of these benefits in order to receive payment for Documented Out-Of-Pocket Losses and/or a Pro Rata Cash Payment. All payments for valid claims under the Settlement may be reduced pro rata based on the total number of Valid Claims.**

The benefits are as follows:

### a.    Documented Out-of-Pocket Losses

You are eligible to receive reimbursement for money for actual, documented, unreimbursed Documented Out-of-Pocket Losses resulting from the Security Incident (up to $5,000 in total), that were incurred between November 22, 2022 and [**insert Claims Deadline**], such as the following:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after the Security Incident through the date of claim submission;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Security Incident; and
- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.
- Other expenses that are reasonably attributable to the Security Incident that were not reimbursed.

These Documented Out-of-Pocket Losses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

**b.  <u>Pro Rata Cash Payment</u>**

All Settlement Class Members may also submit a claim for a Pro Rata Cash Payment. The value of the Pro Rata Cash Payment shall be calculated based on the amount remaining in the Settlement Fund after the payment of Settlement Administration Costs, including any Taxes and Tax-Related Expenses; Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; Service Awards, as approved by the Court; and payment of all Valid Claims for Documented Out-of-Pocket Losses. The aggregate of all payments for Valid Claims for Pro Rata Cash Payments shall not exceed the Settlement Fund.

<u>**Completing the Claim Form**</u>

This Claim Form may be submitted online at (**<mark>WEBSITE HERE</mark>**) or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. If submitting by U.S. mail, mail your completed Claim Form, including any supporting documentation, to:

Xavier University of Louisiana Security Incident
Angeion Group, LLC
P.O. Box XXXX XXXXX, XX XXXXX

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____

First Name                                        MI        Last Name

Street Address:

_____

Street Address Second Line:

_____

City: _____  State: _____  Zip Code: _____

Class Member ID:

_____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard. If you received a notice of this Settlement by email, your Class Member ID is in the email.

E-mail Address: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____

[optional] Evening Phone Number: ( _____ ) _____ - _____

**You may submit a claim for one or more of these benefits:**

### 1)    REIMBURSEMENT FOR DOCUMENTED OUT-OF-POCKET LOSSES

☐   Please check this box here if you are electing to seek reimbursement for unreimbursed **Documented Out-of-Pocket Losses** and such claimed losses above will total no more than $5,000.00. You must provide reasonable documentation of the claimed Documented Out-of-Pocket Losses. Self-attested documentation will not suffice.

**Making a Claim for Documented Out-of-Pocket Losses**

In order to make a claim for Documented Out-of-Pocket Losses, **you must** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the Certification at the end of this Claim Form (section III); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Documented Out-of-Pocket Losses need to be deemed fairly traceable to the Security Incident by the Settlement Administrator based on the documentation you provide and the facts of the Security Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Out-of-Pocket Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* Your documents: _____ _____ |
| ☐ Credit freeze. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after receipt of the Incident Notice. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Security Incident.* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive federal and/or state tax refund and the amount of any tax refund that you did not receive due to the tax fraud.* Your documents: _____ _____ |

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description). | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* Your documents: _____ _____ |
| ☐ Fraudulent bank or credit card charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; correspondence with credit card company disputing the charges.* Your documents: _____ _____ |
| ☐ Fraudulent tax filings. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account.* Your documents: _____ _____ _____ |
| ☐ Government benefits taken in your name. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue.* Your documents: _____ _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Documented Out-of-Pocket Losses, or your claim for a Documented Out-of-Pocket Losses payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claim for a Pro Rata Cash Payment, if such claim is made, will be considered.

## 2) CASH PAYMENT

**Pro Rata Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

**Yes**          **No**

** The value of the cash payment under this option will be calculated based on the balance of the Settlement Fund after the payment of other benefits and attorneys' fees, litigation expenses, service awards, and administrative fees and the number of Settlement Class Members who submit valid claims for payment.

## III.    CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claims for payments under this Settlement are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.


Signature: _____        Date: _____

Print Name: _____

# EXHIBIT

# B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

*Sanchez et al. v. Xavier University of Louisiana*, Case No. 2:23-cv-01269-DJP-DPC

**<u>A court has authorized this notice. This is not a solicitation from a lawyer.</u>**

---

**If You Were Subject to the Xavier University of Louisiana Data Breach and Previously Were Provided Notice of the Security Incident, You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $750,000 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns a November 2022 security incident impacting Xavier University of Louisiana (the "Security Incident") in which an unauthorized third party may have accessed and acquired Plaintiffs' and Settlement Class Members' full names and Social Security numbers (collectively referred to in this Settlement as "Personal Information"). Xavier University of Louisiana ("Xavier") denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must have been provided notice of the Security Incident by Xavier in or around February 2023 (collectively referred to in the Settlement as "Settlement Class Members").
- Under this Agreement, Settlement Class Members can submit a claim to receive the following Settlement benefits:

  - ❖ **<u>Documented Out-of-Pocket Losses</u>: Reimbursement for the actual amount of unreimbursed Out-of-Pocket losses up to $5,000, with supporting documentation of the monetary losses or expenses; and**
  - ❖ **<u>Pro-Rata Cash Payment</u>: A cash payment from the Settlement Fund that will be increased or decreased *pro rata* based on the amount remaining in the Settlement Fund after the payment of (i) Settlement Administration Costs, including any Taxes and Tax-Related Expenses; (ii) Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; (iii)Service Awards, as approved by the Court; and (iv) payment of all Valid Claims for Documented Out-of-Pocket Losses.**

- For more information or to submit a claim visit **WEBSITE HERE** or call 1-###-###-####.

**Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before _____, 2025 |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. If you are a Settlement Class Member, you must exclude yourself from this class action settlement in order to retain your right to bring any other lawsuit against Defendant for the same claims. | Postmarked on or Before _____, 2025 |
| **Object to the Settlement and/or Attend the Fairness Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2025 about the fairness of the Settlement, with or without your own attorney. | Postmarked on or Before _____, 2025 |
| **Do Nothing** | Receive no payment. Give up your rights as a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to Settlement Class Members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

**Basic Information** ....................................................................................................................... 3

**Who is in the Settlement** ............................................................................................................ 3

**The Settlement Benefits—What You Get if You Qualify** ......................................................... 4

**How do You Submit a Claim** ..................................................................................................... 5

**What Does Defendant Get** ......................................................................................................... 5

**Excluding Yourself from the Settlement** .................................................................................. 5

**Objecting to the Settlement** ...................................................................................................... 6

**The Lawyers Representing You** ................................................................................................. 7

**Service Awards** .......................................................................................................................... 7

**The Court's Fairness Hearing** ................................................................................................... 8

**If You Do Nothing** ..................................................................................................................... 8

**Getting More Information** ......................................................................................................... 8

# BASIC INFORMATION

**1.    Why is there a notice?**

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" of the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options under the Settlement.

The case is called *Sanchez et al. v. Xavier University of Louisiana*, Case No. 2:23-cv-01269-DJP-DPC, currently pending in the United States District Court for the Eastern District of Louisiana. The individuals who brought the lawsuit, Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. are called the Plaintiffs. The entity being sued, Xavier University of Louisiana, is called the Defendant.

**2.    What is this lawsuit about?**

The lawsuit claims that Defendant was responsible for the Security Incident and that Plaintiffs were injured as a result of the Security Incident.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

**3.    Why is this lawsuit a class action?**

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

**4.    Why is there a Settlement?**

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT?

**5.    How do I know if I am part of the Settlement?**

You are affected by the Settlement and potentially a member of the Settlement Class if you reside in the United States and you received a notification from or on behalf of Xavier University of Louisiana informing you that your Personal Information may have been impacted in the Security Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (i) all individuals who timely and validly request exclusion from the Settlement Class, (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other individual found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

| 6. | What if I am not sure whether I am included in the Settlement Class? |
|---|---|

If you are not sure whether you are included in the Settlement Class, you may call 1-###-###-#### with questions.  You may also write with questions to:

Xavier University of Louisiana Security Incident
Settlement Administrator
Angeion Group, LLC
address
**WEBSITE HERE**

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY**

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides that Defendant will establish a non-reversionary $750,000 Settlement Fund that provides payments to Settlement Class Members of: (a) up to $5,000 for reimbursement of your Documented Out-of-Pocket Losses reasonably traceable to the Security Incident, and (b) a Pro Rata Cash Payment, subject to adjustment as set forth below.

The value of the Pro Rata Cash Payment will be calculated based on the amount remaining in the Settlement Fund after the payment of (i) Settlement Administration Costs, including any Taxes and Tax-Related Expenses; (ii) Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; (iii) Service Awards, as approved by the Court; and (iv) payment of all Valid Claims for Documented Out-of-Pocket Losses.

In addition, in the event that the funds remaining in the Settlement Fund after the payment of (i) Settlement Administration Costs, including any Taxes and Tax-Related Expenses; (ii) Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; and (iii) Service Awards, as approved by the Court, are not sufficient to make payment for those Valid Claims for Documented Out-of-Pocket Losses, then the value of the payments for Valid Claims for Documented Out-of-Pocket Losses shall be reduced on a pro rata basis, such that the aggregate of all payments for Valid Claims for Documented Out-of-Pocket Losses do not exceed the Settlement Fund.  In such an event, no Settlement Funds will be distributed for Valid Claims for Pro Rata Cash Payments.

| 8. | What payments are available for reimbursement under the Settlement? |
|---|---|

Class Members who submit a claim are eligible to receive:

a) Reimbursement of for Documented Out-of-Pocket Losses, which includes unreimbursed costs or expenditures incurred by a Settlement Class Member between November 22, 2022

and [INSERT Claims Deadline Date], as a result of the Security Incident (up to $5,000 in total), such as the following:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after the Security Incident through the date of claim submission;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Security Incident ;
- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and
- Other expenses that are reasonably attributable to the Security Incident that were not reimbursed; AND/OR

   b)   A Pro Rata Cash Payment .

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **WEBSITE** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the postcard notice that will be mailed to Settlement Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.    How will claims be decided?

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information to determine whether a Claim is valid. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

### 11.    When will I get my payment?

The Court will hold a Final Approval Hearing on _____, 2025 at _____.m. CT to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.  Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.    What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and other persons ("Released Entities") as

to all claims ("Released Claims") arising out of or relating to the Security Incident. This release is described in the Settlement Agreement, which is available at **WEBSITE HERE**. If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

### 13.  If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

### 14.  If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, then do not submit a Claim Form to ask for any benefit under the Settlement.

### 15.  How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC, United States District Court for the Eastern District of Louisiana. The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by _____, **2025,** to:

Xavier University of Louisiana Security Incident
Settlement Administrator
Attn: Exclusion Request
address
address

## OBJECTING TO THE SETTLEMENT

### 16.  How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, you must mail your objection to the Settlement Administrator, at the mailing addresses listed below, postmarked by **no later** than the Objection Deadline, _____, **2025**:

| **SETTLEMENT ADMINISTRATOR** |
| :---: |



Angeion Group, LLC
address
address

Your objection must be written and must include all of the following: (i) the objector's full name, current address, current telephone number, and be personally signed; (ii) the case name and case number, *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC; (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received; (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s); (v) copies of any other documents that the objector wishes to submit in support of his/her position; (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing; and (vii) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

| 17. | What is the difference between objecting and asking to be excluded? |
|---|---|

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Settlement Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

| 18. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202, Mason A. Barney, Siri & Glimstad LLP, 745 Fifth Avenue, Suite 500, New York, New York 10151, and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC. 221 West Monroe Street, Suite 2100, Chicago, Illinois 60606 as Class Counsel to represent the Class. If you want to be represented by your own lawyer, then you may hire one at your own expense.

| 19. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for an award for attorneys' fees up to $250,00 plus litigation expenses not to exceed $25,000. Defendant to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel must be approved by the Court. The

Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2025, and their application for attorneys' fees, costs, and expenses will be filed no later than _____, 2025 and will be posted on the Settlement Website.

| 20. | What are the Service Awards? |
|-----|------------------------------|

### SERVICE AWARDS TO THE CLASS REPRESENTATIVES

The Class Representatives will request Service Awards in the amount up to $3,500 each for their time and effort pursuing this matter on behalf of the Class and in achieving the $750,000 non-reversionary common fund settlement. Defendant has agreed not to object to any Service Awards up to $3,500 for each Class Representative, and like the attorneys' fees and expenses, are subject to Court approval. This payment for any attorneys' fees and expenses to Class Counsel and service awards will be made out of the Settlement Fund.

### THE COURT'S FINAL APPROVAL HEARING

| 21. | When and where will the Court decide whether to approve the Settlement? |
|-----|------------------------------------------------------------------------|

The Court will hold a Final Approval Hearing at _____ m. CT on _____, 2025, at the Hale Boggs Federal Building and Courthouse which is located at 500 Poydras Street in New Orleans, Louisiana, or by remote or virtual means, as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommend checking **WEBSITE HERE** or calling 1-###-###-####.

| 22. | Do I have to attend the hearing? |
|-----|----------------------------------|

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

| 23. | May I speak at the hearing? |
|-----|-----------------------------|

You may ask the Court for permission to speak at the final fairness hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Settlement Administrator postmarked no later than _____, 2025.

### IF YOU DO NOTHING

| 24. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final

approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Security Incident, ever again.

## GETTING MORE INFORMATION

**25.  How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **WEBSITE HERE.** You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by United States District Court for the Eastern District of Louisiana.

**DO <u>NOT</u> CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# EXHIBIT

# C

NOTICE OF CLASS ACTION
SETTLEMENT

If you received a notice of a data security incident from Xavier University of Louisiana, you are entitled to submit a claim for monetary compensation under a class action settlement.

**This Notice is a summary of the proposed Settlement. Visit WEBSITE for complete information.**

*Xavier University of Louisiana, Security Incident Settlement*
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**WHO IS A SETTLEMENT CLASS MEMBER?**
In the lawsuit *Sanchez et al. v. Xavier University of Louisiana, Case No. 2:23-cv-01269-DJP-DPC* (E.D. LA) you are a Settlement Class Member if you reside in the United States and you received ~~a notification from or on behalf of Xavier University of Louisiana informing you~~ notice ~~information~~ ~~may have been impacted in the~~ of a November 2022 security incident that impacted Xavier University of Louisiana in which an unauthorized third party may have accessed and acquired ~~individuals'~~ your Personal Information (the "Security Incident"). Personal Information includes full names and Social Security numbers.

**WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?**
The Settlement establishes a $750,000 fund to compensate Settlement Class Members for their Documented Out-of-Pocket Losses and to provide them with a Pro Rata Cash Payment, as well as to ~~payment of~~ pay for Settlement Administration Costs, including any Taxes and Tax-Related Expenses; Plaintiffs' Counsel's Fees and Expenses as awarded by the Court; and Service Awards, as approved by the Court. As a Settlement Class Member, you are eligible for a pro rata cash payment as reimbursement for your time and money spent in response to the Security Incident (such as money spent on credit monitoring) ("Pro Rata Cash Payment"), as well as reimbursement for unreimbursed costs or expenditures incurred as a result of the Security Incident ("Documented Out-of-Pocket Losses"). You must fill out a claim form to receive these benefits. **You may submit a claim for one or both of these benefits in order to receive payment for Documented Out-Of-Pocket Losses and/or a Pro Rata Cash Payment. All payments for valid claims under the Settlement may be reduced pro rata based on the total number of Valid Claims.** More information about the types of Claims and how to file them is available at WEBSITE HERE ("Settlement Website").

**WHAT ARE YOUR RIGHTS AND OPTIONS?**
**Submit a Claim Form**. To qualify for a cash payment, you must timely mail a Claim Form or timely complete and submit a Claim Form online at WEBSITE HERE. Your Claim Form must be postmarked or submitted online no later than _____, **2025**.
**Opt-Out**. You may exclude yourself from the Settlement and retain your ability to sue Defendant Xavier University of Louisiana on your own by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2025**. If you do not exclude yourself, then you will be bound by the Settlement and give up your right to sue regarding the Released Claims.
**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2025**, and provide the reasons for the objection. Please visit **WEBSITE HERE** for more details.
**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.
**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. CT on _____, 2025** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.
**Who are the attorneys for the Plaintiffs and proposed Class?** The Court appointed Terence F. Coates of Markovits, Stock & DeMarco, LLC, Mason A. Barney, Siri & Glimstad LLP, and Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel to represent the Class.
**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount up to $250,000 and reasonable expenses not to exceed $25,000. The Attorneys' Fee and Expense Application will be posted on the Settlement Website after it is filed with the Court. Plaintiffs will also seek Class Representative Service Awards in the amount of up to $3,500 for each Class Representative, subject to Court approval.
**Who is the Judge overseeing this settlement?** Judge Darrel James Papillon of the United States District Court for the Eastern District of Louisiana.
**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** Please visit **WEBSITE HERE.**

# EXHIBIT

# D

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| KELLIE SANCHEZ, et al. | Civil Action No.: 2:23-cv-01269-DJP-DPC |
| Plaintiffs, | JUDGE DARREL JAMES PAPILLION |
| v. | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| XAVIER UNIVERSITY OF LOUISIANA | |
| Defendant | |

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Xavier University of Louisiana ("Xavier" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.    The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Angeion Group, LLC ("Angeion") as the Settlement Administrator, the various forms of class relief provided under the terms of the Settlement, and the proposed method of distribution

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Settlement Class:

> the approximately 44,312 individuals who received direct notification from Defendant that their Personal Information may have been accessed in the Security Incident. [2]

3.      For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 44,312 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Settlement Class and allege that they have been damaged by the same conduct as the other members of the Settlement Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. as the Class Representatives.

5.      The Court appoints Terence R. Coates of Markovits. Stock & DeMarco, LLC,

---

[2] "Security Incident" shall mean the cyberattack Xavier experienced in or around November 2022, giving rise to the Litigation.

Mason A. Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Class.

6.      The Court appoints Angeion Group, LLC as the Settlement Administrator.

7.      A    Final    Approval    Hearing    shall    be    held    before    the    Court on____[date]_____, 2025 at ___[time]_____ for the following purposes:

    a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c.  To determine whether the notice plan as conducted was appropriate;

    d.  To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e.  To determine whether the requested Class Counsel's combined attorneys' fees of up to one third of the Settlement Fund ($250,000.00) and litigation expenses should be approved by the Court;

    f.  To determine whether the request Service Awards of up to $3,500 to each Class Representative are fair, reasonable, and adequate;

    g.  To determine whether the Settlement benefits are fair, reasonable, and adequate; and

    h.  To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices (including the Postcard Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that

such notice plan meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| **Filing of Preliminary Approval** | |
|---|---|
| Issuance of CAFA Notice | +10 days |
| | |
| **From Order Granting Preliminary Approval** | |
| Defendant to Pay Settlement Administrator the Costs of Preparing and Issuing Notice | On or before + 35 days |
| Class Notice Date | +30 days |
| | |
| **Class Notice Date** | |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days |
| Objection Deadline | +60 days |
| Opt-Out Deadline | +60 days |
| Class Counsel to file copies of any objections | +74 days |
| Claims Deadline | +90 days |
| | |
| **Final Approval Hearing** | _____, 2025 |
| Motion for Final Approval | -14 days |
| Settlement Administrator to Provide Counsel with Declaration | -16 days |
| | |
| **Effective Date** | |
| Defendant to fund the remainder of the Settlement Fund | +7 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +14 days |
| Payment of Valid Claims | +30 days or after all deficient claims are resolved |
| Settlement Website Deactivation | +180 days |

10.      In order to be a timely claim under the Settlement, a Claim Form must be either

4

postmarked or received by the Settlement Administrator no later than 90 days after the Class Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.     Additionally, all Requests for Exclusion or objections to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Class Notice Date. Any Requests for Exclusion from of the Settlement should, to the extent possible, contain words or phrases specifically stating the individual's desire to be excluded from the Settlement and from the Settlement Class such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.     Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be mailed to the Settlement Administrator and postmarked within 60 days from the Class Notice Date and include each and all of the following:

(i)     the objector's full name, current address, current telephone number, and be personally signed, (ii) the case name and case number, *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC, (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received, (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s), (v) copies of any other documents that the objector wishes to submit in support of

5

his/her position, (vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and (vii) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the objection.

13.     All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The individuals who timely and validly request exclusion from the Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Xavier in this Litigation.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Xavier.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Plaintiffs and Defendant or as ordered by the Court, without further notice to the Class.

16.

**IT IS SO ORDERED** this _____ day of _____, 2025.

_____

**Judge Darrel James Papillion**