## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLIE SANCHEZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER UNIVERSITY OF LOUISIANA<br><br>Defendant | Civil Action No.: 2:23-cv-01269-DJP-EJD<br><br>JUDGE DARREL JAMES PAPILLION<br><br>MAGISTRATE JUDGE EVA J. DOSSIER |

## ORDER GRANTING UNOPPOSED MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Xavier University of Louisiana ("Xavier" or "Defendant"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr. as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Angeion Group, LLC ("Angeion") as the Settlement Administrator, the various forms of class relief provided under the terms of the Settlement, and the proposed method of distribution

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the

Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for

settlement purposes, the following Settlement Class:

> the approximately 44,312 individuals who received direct notification from
> Defendant that their Personal Information may have been accessed in the Security
> Incident. [2]

3.      For purposes of settlement, based on the information provided: the Settlement Class

is ascertainable; it consists of roughly 44,312 Settlement Class Members satisfying numerosity;

there are common questions of law and fact including whether Defendant failed to implement and

maintain reasonable security procedures and practices appropriate to the nature and scope of the

information compromised in the Security Incident, satisfying commonality; the proposed Class

Representatives' claims are typical in that they are members of the Settlement Class and allege

that they have been damaged by the same conduct as the other members of the Settlement Class;

the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the

interests of the Settlement Class; questions of law and fact common to members of the Settlement

Class predominate over questions affecting only individual members for settlement purposes; and

a class action for settlement purposes is superior to other available methods for the fair and efficient

adjudication of this Action.

4.      The Court appoints Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure,

Jr. as the Class Representatives.

5.      The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC,

---

[2] "Security Incident" shall mean the cyberattack Xavier experienced in or around November 2022,
giving rise to the Litigation.

Mason A. Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel for the Class.

6.    The Court appoints Angeion Group, LLC as the Settlement Administrator.

7.    A **Final Approval Hearing** shall be held before the Court on **October 16, 2025, at 9:00 a.m.** for the following purposes:

   a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

   b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c.  To determine whether the notice plan as conducted was appropriate;

   d.  To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

   e.  To determine whether the requested Class Counsel's combined attorneys' fees of up to one third of the Settlement Fund ($250,000.00) and litigation expenses should be approved by the Court;

   f.  To determine whether the request Service Awards of up to $3,500 to each Class Representative are fair, reasonable, and adequate;

   g.  To determine whether the Settlement benefits are fair, reasonable, and adequate; and

   h.  To rule upon such other matters as the Court may deem appropriate.

8.    The Court approves, as to the form and content, the Notices (including the Postcard Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that

such notice plan meets the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.    The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| Filing of Preliminary Approval | |
|---|---|
| Issuance of CAFA Notice | +10 days |
| | |
| **From Order Granting Preliminary Approval** | |
| Defendant to Pay Settlement Administrator the Costs of Preparing and Issuing Notice | On or before + 35 days |
| Class Notice Date | +30 days |
| | |
| **Class Notice Date** | |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days |
| Objection Deadline | +60 days |
| Opt-Out Deadline | +60 days |
| Class Counsel to file copies of any objections | +74 days |
| Claims Deadline | +90 days |
| | |
| **Final Approval Hearing** | October 16, 2025 |
| Motion for Final Approval | -14 days |
| Settlement Administrator to Provide Counsel with Declaration | -16 days |
| | |
| **Effective Date** | |
| Defendant to fund the remainder of the Settlement Fund | +7 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +14 days |
| Payment of Valid Claims | +30 days or after all deficient claims are resolved |
| Settlement Website Deactivation | +180 days |

10.    In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Class Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all Requests for Exclusion or objections to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Class Notice Date. Any Requests for Exclusion from of the Settlement should, to the extent possible, contain words or phrases specifically stating the individual's desire to be excluded from the Settlement and from the Settlement Class such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.    Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be mailed to the Settlement Administrator and postmarked within 60 days from the Class Notice Date and include each and all of the following:

> (i) the objector's full name, current address, current telephone number, and be personally signed,
>
> (ii) the case name and case number, *Sanchez et al. v. Xavier University of Louisiana,* Case No. 2:23-cv-01269-DJP-DPC,
>
> (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice he or she received,
>
> (iv) a statement of the position(s) the objector wishes to assert, including the factual

and legal grounds for the position(s),

(v) copies of any other documents that the objector wishes to submit in support of his/her position,

(vi) whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and

(vii) whether the objecting Settlement Class Member is represented by counsel and, if so, the name, address, and telephone number of his/her counsel.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the objection.

13.     All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Settlement Class. The individuals who timely and validly request exclusion from the Class will be excluded from the Settlement Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Xavier in this Litigation.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Settlement Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Xavier.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the

Plaintiffs and Defendant or as ordered by the Court, without further notice to the Class.

    **IT IS SO ORDERED** this 15th day of April 2025.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**