UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLIE SANCHEZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1269** |
| **XAVIER UNIVERSITY OF LOUISIANA** | **SECTION: "P" (3)** |

## FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (R. Doc. 74), wherein Plaintiffs, Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr., individually and on behalf of all others similarly situated, seek final approval of the Class Action Settlement Agreement and Release (R. Doc. 69-2) entered into by Plaintiffs and Defendant, Xavier University of Louisiana. Also before the Court is Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Service Awards (R. Doc. 73). For the reasons that follow, the Court GRANTS both motions.

## BACKGROUND

This class action lawsuit arises out of a November 2022 Security Incident affecting Xavier University of Louisiana in which an unauthorized third party may have accessed Plaintiffs' and Settlement Class Members' full names and Social Security numbers. Plaintiffs assert claims against Xavier for negligence, invasion of privacy, breach of implied contract, violations of Louisiana's Unfair Trade Practices and Consumer Protection Law, and violations of California's Unfair Competition Law.[1]  Xavier moved to dismiss Plaintiffs' claims, but prior to the Court's resolution of Xavier's motion, the parties jointly filed, and the Court granted, a motion to stay the proceedings in this action pending the completion of a mediation scheduled with mediator Bennett

---

[1] R. Doc. 22.

G. Picker.[2] Shortly after the scheduled mediation, the parties filed a notice of settlement.[3] The parties' agreed resolution is memorialized in the Settlement Agreement.[4]

On April 15, 2025, the Court entered an Order granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, inter alia: (1) preliminarily approved the Settlement; (2) provisionally certified the proposed class for settlement purposes, defining the Settlement Class in accordance with the Settlement Agreement; (3) appointed Plaintiffs as Class Representatives; (4) appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, Mason A. Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel; (5) appointed Angeion Group, LLC as the Settlement Administrator; (6) approved the form and manner of the Notice and the notice plan; (7) approved the Settlement Timeline, including the deadlines for the Settlement Class Members to submit claims under the Agreement, to object to the Agreement, or to opt-out of the Agreement; and (8) scheduled the Final Approval Hearing for October 16, 2025.[5]

Thereafter, Notice was provided to the Settlement Class Members in accordance with the Court's Preliminary Approval Order and the Settlement Agreement.[6] As of the Objection Date, no Settlement Class Members submitted an objection to the Settlement.[7] As of the Opt-Out Deadline, only one Settlement Class Member submitted a valid Request for Exclusion to be excluded from the Settlement.[8] The Final Approval Hearing was held on October 16, 2025.

After careful consideration of the Motion for Final Approval of Class Action Settlement, the Motion for Attorneys' Fees, Costs, and Service Awards, the affidavits and exhibits submitted

---

[2] R. Docs. 61, 63.
[3] R. Doc. 64.
[4] *See* R. Doc. 69-2.
[5] R. Doc. 70.
[6] *See* R. Doc. 74-2.
[7] *Id.*
[8] *Id.*

in support of both motions, the arguments presented at the Final Approval Hearing, and all other papers and proceedings in this action, the Court enters the following Order:

**A. Introductory Provisions**

1. Unless otherwise defined, all capitalized terms in this Final Approval Order have the meaning set forth in the Settlement Agreement.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

**B. Notice**

1. Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator provided notice to the Settlement Class Members in the form and manner approved by the Court.

2. The Court finds that such notice constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

3. The Court further finds that Defendant has complied with the notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715(b), as confirmed by the record.

**C. Class Certification & the Settlement Class**

1. The Preliminary Approval Order, for settlement purposes only, and pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e), certified the Settlement Class, defined as follows:

> the approximately 44,312 individuals who received direct notification from Defendant that their Personal Information may have been accessed in the Security Incident.

2. The Settlement Agreement's definition of the Settlement Class specifically excludes the following individuals and/or entities from the Settlement Class:

> (1) Xavier and its officers and directors; (2) all individuals who submit a timely and valid Request for Exclusion from the Settlement Class; (3) the Court; and (4) any individual or entity found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident, or who pleads *nolo contendere* to any such charge.

3. A timely and valid Request for Exclusion from the Settlement Class was submitted by one individual, Eriean Howard.[9]

4. The Court reaffirms its findings that, for settlement purposes only, the requirements under Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied with respect to the Settlement Class.

### D. Class Counsel and Representatives

1. The Court grants final approval to its appointment of Terence R. Coates of Markovits, Stock & DeMarco, LLC, Mason A. Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

2. The Court grants final approval to its appointment of Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr, as the Class Representatives.

3. The Court finds that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

### E. Approval of the Settlement

1. Having considered the requirements for approval set forth in Federal Rule of Civil Procedure 23(e) and the factors discussed by the Fifth Circuit in *Reed v. General*

---

[9] *See* Declaration of Settlement Administrator, R. Doc. 74-2 at ¶ 16; *see also* Exhibit C to Declaration of Settlement Administrator, R. Doc. 74-2 at pp. 13–15.

*Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), the Court finds the settlement of this Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate.

2. Accordingly, the Court grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order.

F. **Attorneys' Fees and Costs & Class Representative Service Awards**

1. Applying the percentage-of-the-recovered-fund method, cross-checked with the lodestar method and with the factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), the Court finds that Class Counsel's attorneys' fees request is reasonable. The Court separately finds that the litigation costs incurred by Class Counsel are reasonable and should be reimbursed as requested.

2. The Court therefore awards Class Counsel $250,000.00 in attorneys' fees and $14,185.16 for reimbursement of costs, to be paid according to the terms of the Settlement Agreement.

3. The Court finds the requested class service awards are justified based on the Class Representatives' time and efforts in supporting the litigation.

4. The Court awards the Class Representatives, Plaintiffs Kellie Sanchez, Kristian Graves, and Kevin Hazure, Jr., $3,500.00 each, to be paid according to the terms of the Settlement Agreement.

G. **Settlement Administrator & Settlement Administration Costs**

1. The Court grants final approval to its appointment of Angeion Group, LLC as the Settlement Administrator.

2. The Court approves the payment of Settlement Administration Costs to the Settlement

Administrator in an amount not to exceed $64,500.00, to be paid according to the terms of the Settlement Agreement. The Settlement Administrator shall not be paid Settlement Administration Costs in excess of $64,500.00 without further Court approval, which will only be granted upon a showing that the Settlement Administration Costs were reasonably incurred.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement (R. Doc. 74) is **GRANTED**. The Settlement Agreement shall therefore be deemed to be incorporated herein, and the parties, their respective counsel, and the Settlement Administrator shall consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards (R. Doc. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**, except that the Court retains jurisdiction for all purposes related to the consummation and enforcement of the Settlement.

**IT IS FURTHER ORDERED** that, upon the Effective Date, all claims subject to release under the Settlement Agreement, *see* R. Doc. 69-2 at pp. 26–27, ¶¶ 76–77, shall be deemed to be fully and finally released, in accordance with the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that all Settlement Class Members shall be and are permanently barred from initiating, asserting, or prosecuting any and all Released Claims against Defendant and the other Released Parties, in accordance with the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that, in accordance with Rule 23, this Final Approval Order resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk of Court is directed to file this Order as the final judgment in this matter.

New Orleans, Louisiana, this 16th day of October 2025.

*(signature)*
_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**